GODWIN, Ex'r, *vs.* HOOPER, Adm'r de bonis non.

[PROCEEDINGS IN PROBATE COURT FOR REMOVAL OF EXECUTOR.]

1. *Executor, motion to remove; who can not make.*—An executor can not be removed upon a mere motion to the court of probate in which the estate he conducts is administered, of any person not interested.

2. *Same; how removed.*—The removal of an executor by the probate court must be made upon the application of some one of the persons named in the statute ; the application must be in writing, and verified by oath, and the party complained of must be served with citation to answer the complaint, in the manner prescribed by the statute ; and the removal must be for one of the causes prescribed in the statute.

3. *Same; when removal of, and appointment of successor, void*—A removal of an executor upon a mere motion in the court of probate, without the formality and for one or more of the causes, required by the statute, is void ; and an administrator *de bonis non* appointed to succeed such removed executor, has no authority over the estate, and his appoint-

ment is void as long as such executor's removal is illegal, if both these officers are appointed and reside in the State.

4. *Judgment against removed . executor ; when void.*—A judgment in the probate court in favor of such administrator *de bonis non* against the executor so removed upon final settlement, under such proceedings, is void, and will be reversed.

5. *Rehearing ; when not granted on account of defective record.*—When this court has acted upon a defective record, and the cause has been reversed and remanded, a rehearing will not be granted upon the discovery that in the court below the record was correct, and a *certiorari* will not be allowed to bring up a more perfect record, if it appears that neither party will be seriously injured by permitting the judgment of reversal to stand.

APPEAL from Probate Court of Russell.
Heard before Hon. T. L. APPLEBY.

THE facts appear in the opinion.

J. FALKNER, for appellant.—1. The motion seems to have been made by Geo. W. Hooper, who was a stranger to the proceedings, and had no interest therein, and was in no way connected with said estate, and yet he is allowed by the court to appear and move to remove from office the executor, who had no notice of the proceedings. The order of removal is, therefore, a nullity, and the executor was not in fact removed ; and so far as the record discloses, is yet the executor of said estate of John Godwin, deceased.—Rev. Code, §§ 2029, 2030; *Rambo v. Wyatt's Adm'r*, 32 Ala. 363 ; *Mathews' Adm'r v. Douthit and Wife*, 27 Ala. 273 ; *Lyon v. Odom*, 31 Ala. 234, (240) ; *Dupree v. Perry*, 18 Ala. 34 ; *Coltart v. Allen*, 40 Ala. 155.

2. The order appointing George W. Hooper administrator *de bonis non*, &c., is also a nullity, and is void for several reasons, because the executor was not removed.

The order of the court says that the executor had been twice notified to appear (or cited to appear,) and make settlement thereof; but the judge certifies that no such notices are on file, or to be found, &c., and there is no order in the record for the issuance of any such notices, and therefore fails entirely to sustain the action of the court in the premises.

3. The statute requires the judge to issue a notice to

the executor to appear on a day therein named, five days after service thereof, and show cause why he should not be removed; but in this case it is not pretended that any such notice was ever issued to the executor.—See Revised Code, §§ 2029, 2030.

There are four grounds on which an executor or administrator can be removed, but in each case a notice to the executor or administrator is necessary, and if the notice is not given as required by law, the court has no jurisdiction to grant the removal, and its action is without authority. Revised Code, §§ 2017, 2018, 2019, 2020, 2021, 2022, 2028, 2029, 2030; *McRee v. McRee,* 34 Ala. 165.

There is nothing in the record to authorize the stating of the account, or the restating it.

RICE, GOLDTHWAITE & SEMPLE, and HOOPER, *contra.*—
1. The transcript does not purport to set out the entire record in this case, nor all of the proceedings in the estate of John Godwin, deceased, nor all the proceedings or record in any other matter mentioned in the record. The certificate states it to be a complete transcript of the records, &c., " as shown by preambles, orders and decrees, from December term, 1867, to September, 1868."

2. The recitals of the final decree show all the facts necessary to give the court below jurisdiction; and this is sufficient.—*Croft v. Ferrell,* 21 Ala. 351. And these recitals import absolute verity.

3. Appellant was removed from the executorship of the estate of John Godwin on the 6th of January, 1868, by order of the probate court, and on the same day Geo. W. Hooper was appointed administrator *de bonis non,* and no irregularity in the removal or appointment can avail appellant. The appellant must be prepared to show affirmatively that the order removing him was absolutely void. And it is impossible for him so to show with this record, which only purports to set out the " preambles, orders and decrees from December, 1867, to September, 1868."

And this court, even in a case where there had been no order of removal of an administrator in chif, will consider the record amended so as to show a regular order of

removal, in order to support the appointment of an administrator *de bonis non.—Ryland v. King's Adm'r*, 37 Ala. 80 ; see, also, *Lyon v. Odom*, 31 Ala. 234; *Grey v. Cruise*, 36 Ala. 559 ; *Coltart v. Allen*, 40 Ala. 155; *Ikelheimer v. Chapman*, 32 Ala. 676; *Moseley v. Martin*, 36 Ala. 216.

PETERS, J.—The record in this appeal shows that on January 6th, 1868, George W. Hooper, the appellee in this case, appeared in the probate court of Russell county, and moved the court to remove Massena Godwin, the executor of the last will and testament of John Godwin, deceased. And the order recites that, it appearing to the court that said executor had been twice cited to appear and make settlement of his executorship, and had failed to do so ; and thereupon he was ordered to be removed from his said executorship, and said George W. Hooper was appointed administrator *de bonis non* of said estate of said John Godwin, deceased, to succeed said Massena Godwin, and letters of administration were issued to said Hooper.

After Godwin was so removed from the executorship of said estate, the court proceeded to state an account against him, at the February term of said probate court, in 1868, "from the materials on file." From this account, thus stated by the court, it appeared that the executor, Godwin, "stands charged by the record with the sum of twenty thousand six hundred and sixty-one dollars and two cents, and that he is entitled to credits to the amount of sixteen dollars and five cents." · It was then further ordered by the court, that "said account stand thus stated, and that the same be re-stated on the third Monday in March next" thereafter. Citation was also ordered to be issued "to said administrator," and to be served on him ten days before the hearing of the re-statement of said account, and notice of the same was ordered to be published in the Columbus Enquirer, a newspaper published in the State of Georgia.

On the day appointed for the re-statement of said account, the court proceeded to re-state the same, and to make final settlement of said Godwin's executorship of said estate. The order for this states that the executor had had ten days previous notice of the order made in

February before, setting a day for the re-statement of said account, and that notice thereof had been published in a newspaper published in the State of Georgia, there being no newspaper published in said county of Russell. The account as re-stated at the March term, 1868, of said probate court, showed that the executor was chargeable with the sum of "thirty-three thousand seven hundred and eighty-four dollars and ninety-six cents, and that he is entitled to credits to the amount of twenty-five dollars and seventy-five cents;" and it was also adjudged that the balance remaining in the hands of said executor, due to said estate, was the sum of thirty-three -thousand seven hundred and fifty-nine dollars and twenty-one cents. The account, thus stated, was "passed and allowed," and the balance thus ascertained ordered to be paid over to said George W. Hooper, the administrator *de bonis non* of said John Godwin, deceased.

It does not appear from the record that there were any original citations or notices issued or served on said removed executor, of any of the proceedings above recited, except what is said thereof in the recitals of the decrees of the court, and these recitals are altogether indefinite ; and it is not pretended that they were legally issued, or legally and properly served in the manner required by law, or in any due form of law. The said executor does not seem to have appeared or contested any of the above proceedings in the court below.

On the 10th day of September, 1868, he came into the probate court of said county of Russell, and prayed an appeal to the supreme court of the State of Alabama from the judgment rendered in said probate court against him, on the 16th day of March, 1868, which was the final decree in the cause as above shown. This appeal was allowed, and bond for costs was given by the appellant, and the case was thus brought into this court.

In the first place, it is insisted by the appellee, in his brief filed with the record in this court, that this appeal ought to be dismissed. This motion is not sustained by the law. It is therefore refused and overruled. The appeal was properly taken.—Rev. Code, § 3485.

40

The judgment in favor of Hooper as the administrator *de bonis non* of the estate of John Godwin, deceased, can not be sustained unless it appears that Massena Godwin, the executor, was properly removed. No administrator could be appointed to succeed the executor until he was lawfully removed. The one office must be vacated before the other can be conferred. If an administrator *de bonis non* is appointed whilst there is an executor of the same estate in office, both being in this State, the appointment of the administrator is void.—*Matthews v. Douthit and Wife*, 27 Ala. 273.

The question, then, turns upon the legality of the removal of the executor. If his removal was illegal and improper, then the judgment of the court below against him in favor of Hooper is erroneous.

The statute prescribes how an administrator or executor can be removed, and the causes for which they must be removed.

The application for removal must be made to the probate court from which letters issued, and must be instituted by any creditor, legatee, devisee, heir, distributee, or by any co-executor, co-administrator, or the sureties of any of them. It must be made in writing, must specify the grounds of complaint, and must be verified by oath. And the party complained of must be cited to appear and answer the application, on a day specified therein; and must be served with such citation five days before the hearing of the complaint.—Rev. Code, §§ 2017, 2019, 2020, 2021. Nothing of the sort seems to have been done or attempted, in this instance. The order for removal was, therefore, void for want of legal jurisdiction. And the appointment of Hooper is void for the same reason. If there was cause for the removal of the executor, he may be proceeded against as required by law, but not in the manner that has been attempted in this case.

The judgment of the court below in favor of Hooper, as administrator *de bonis non* of John Godwin, deceased, is reversed, the cause remanded, and the said George W. Hooper will pay the costs of this appeal in this court and in the probate court.

NOTE BY THE REPORTER.—In response to an application for rehearing by the appellee, the following opinion was delivered by—

PETERS, J.—This application for a rehearing is founded on the discovery, since the opinion was delivered, that the deficiency in the proceedings in the probate court, for which this cause was reversed and remanded, did not really exist, but that the record submitted for the action of this court was defective, and that a correct transcript would have produced a different result.

As it does not appear that the parties to this appeal on either side will be injured by the judgment of reversal, it will not be disturbed.

The rehearing is denied, with costs.