MICHAEL HOLDERBAUM, Executor, Appellant, v. W. R. SHRIVER,. Administrator, *et al.*, Appellees.

Executors: REMOVAL : JURISDICTION.

*Appeal from Madison District Court.*—HON. J. H. HENDERSON, Judge..

WEDNESDAY, FEBRUARY 4, 1891.

THE appellant was the executor of the last will and testament of Michael Holderbaum, deceased. The creditors of the estate commenced this proceeding, by which they demand the removal of said executor, upon the ground that he had failed to perform his duty as executor, and was guilty of maladministration in the conduct of the business pertaining to said estate. Upon a hearing had upon said petition, the court found that there was sufficient reason for the removal of said executor. An order of removal was made, and another executor was appointed, from which order A. C. Holderbaum. appeals.—*Affirmed.*

*Kauffman & Guernsey* and *Eli Wilkins*, for appellant.

*John Leonard & Son* and *Gatch, Conner & Weaver*, for appellees.

ROTHROCK, J.—It is not necessary to detail the grounds upon which the court made the order from which this appeal was taken. The manner in which the appellant performed his duty as executor is sufficiently described in the opinion in the case of *Estate of Michael Holderbaum, ante*, p. 69. An examination of that case will show quite conclusively that the order made in this case ought not to be reversed.

It is claimed, however, that the district court had no jurisdiction in this case, because the question of removal was involved in the cited case, and that, as that case was appealed, this proceeding was unauthorized and void. We think this position cannot be maintained. In the other case the appellant was required to give a bond. He did not supersede the order, and without a *supersedeas* it was within the jurisdicti n of the court to entertain any proper proceeding in aid of the execution of its orders. Moreover, the other proceeding was a contract arising upon exceptions to the reports of the executor. This proceeding is independent of any mere exceptions to the reports of an executor. It is a special proceeding, authorized by sections 2496, 2497 and 2498 of the Code, founded upon a verified petition for the removal of an executor. The right of a proper party to file such a petition, and prosecute it, is not dependent upon any contest upon exceptions to reports of the executor. We do not discover any reason for disturbing the order of the district court. AFFIRMED.