In re Estate of L. M. Mann.

Loulu Mann Gray, Appellee, v. Ben E. Mann et al., Appellants.

No. 39476.

May 7, 1929.

Rehearing Denied October 15, 1929.

*E. S. Tesdell,* for appellants.

*Howe & Howe,* for appellee.

EVANS, J.—L. M. Mann died testate in November, 1923, leaving an estate having a book value of about $250,000. He named as executors his widow, Elizabeth, his son, Ben, and his  daughter, Loulu Mann Gray, who is the appellee herein. These executors, together with the four grandchildren of the testator, were the beneficiaries of the whole estate, less legacies to the amount of $27,000. The executors have not worked harmoniously, the plaintiff being particularly in disagreement with the other two. The will provided that the son Ben should have the major charge of the estate, and that he should devote three fourths of his time thereto, and should receive a compensation of $2,000 a year. $500 a year was provided for each of the other two. 61 bequests, amounting to about $27,000, were made to legatees other than members of the family. The estate consisted mainly of city real estate and farm property. The city property was in the city of Des Moines, and comprised more than 150 pieces of real estate, much of it unimproved, and much of it sold under installment contracts. The son Ben had been closely associated with his father for many years, though he also conducted a business of his own. The will provided that the father's business in handling the property should be continued for four or five years. In December, 1924, Ben Mann presented an application to the court for a special order awarding him greater compensation than that provided in the will, on the ground that the proviso of the will was inadequate compensation for the service necessary to be performed. The plaintiff, appellee herein, was not consenting to such application. Notice of its filing was served upon her. She employed her present counsel, and filed a verified resistance to the application in April, 1925. In November, 1925, the application was granted, and the son Ben was awarded compensation at the rate of $4,000 a year, which amount he has purported to draw from the resources of the estate. On April 15, 1927, the plaintiff filed an application in the probate court for a modification of the order entered in November, 1925, on the ground that the award

was excessive, and on the ground that the estate was shrinking in value. The prayer of her application was:

"That said order of court of November 16th, 1925, fixing the compensation of said executor, be modified as may be meet and proper under the circumstances of this case; that the provisions of the will of the deceased be observed in the future; and that steps be taken to close this estate, as contemplated by such will."

The application was entitled as indicated above, both the appellants being named as defendants in the application. The appellant Ben Mann filed an answer to such application, resisting the same. On November 4th a formal order was entered, assigning the proceeding for trial on the 9th day of November, 1927. The trial was actually commenced on November 10, 1927. Evidence was taken throughout two days. The hearing was then adjourned to January 25, 1928, on which date the taking of evidence was resumed, and the hearing adjourned to February 14, 1928, on which date the case was submitted, and the court entered the order now complained of. Such order was as follows:

"Order of Court.

"Now on this 14th day of February, 1928, this matter coming on for hearing before the court on the issues raised and presented in connection with the application of Loulu Mann Gray, heretofore filed in this cause, to set aside or modify the order of this court entered herein on or about the 16th day of November, 1925, as to the compensation of the executor Ben E. Mann, the executors Elizabeth A. Mann, Ben E. Mann, and Loulu Mann Gray appearing in person, and the said Loulu Mann Gray appearing by Howe & Howe, her attorneys, and the said Ben E. Mann appearing by E. S. Tesdell and I. T. Jones, his attorneys, and the court having inspected the pleadings and record in this cause, heard the evidence and arguments of counsel, and being advised in the premises, finds that the will of the said L. M. Mann, deceased, fixed and prescribed the compensation of the said Ben E. Mann, as an executor of this estate, at $2,000 per year; that the said Ben E. Mann accepted said trust, qualified as such executor, entered upon and continued in the discharge of his duties as an executor of said estate, with full knowledge of

the terms and provisions of said will and of the facts and circumstances with respect to said estate and the property belonging thereto; and that he is bound by the provisions of said will with respect to his compensation as an executor of this estate; and that the services rendered by him as such executor are not reasonably worth more than said sum of $2,000 per year; that said order was erroneously and improvidentially [improvidently ?] made and entered, and should, of right, be set aside and held for nought.

"It is, therefore, ordered and adjudged by the court that said order made for the compensation of the said Ben E. Mann, as an executor of said estate, from the sum of $2,000 per year to the sum of $4,000 per year, as provided in the will of the said L. M. Mann, deceased, be and is hereby revoked, rescinded, set aside, and held for nought, as fully and completely as though never made and entered of record in this cause. It is further ordered by the court that the said Ben E. Mann be and is hereby ordered and directed by the court to repay to the estate of the said L. M. Mann, deceased, all of said compensation so received by him, as an executor of said estate, in excess of the sum of $2,000 per year, as provided in said will, within 30 days from this date.

"In this connection, the court further finds that the hearing of said application began in this court on or about the 12th day of November, 1927, and has been continued from time to time since said date; that, since the commencement of said hearing, a petition has been filed in this court by Harold J. Howe, guardian of Elizabeth Luverne Gray, a minor, one of the residuary legatees of this estate, for the removal of the executors of this estate, to which answer has been duly filed by the executors Elizabeth A. Mann and Ben E. Mann; and that a petition of intervention has been filed in connection therewith by the Des Moines University, a specific legatee under the will of the said L. M. Mann, deceased, also asking the removal of said executors; that approximately four days' time has been consumed in hearing said application to set aside said order of court as to the compensation of the said Ben E. Mann, executor, during which time approximately 300 pages of testimony have been taken, in addition to the exhibits offered and introduced in evidence on such trial; that much of said testimony and many of said exhibits bear alike

on the issues presented as to the compensation of the said Ben E. Mann, executor, and as to the removal or suspension of said executors. That from said evidence and said exhibits it appears to the court that said executors have not been able to agree upon matters pertaining to the estate, and to properly function jointly as such executors, and in addition thereto, many other acts and things have been shown and appear in said testimony, disclosing improvidence and mismanagement on the part of some of said executors in the discharge of their duties and in the control and management of this estate; that the best interests of this estate require their suspension at this time, and that an administrator, with will annexed, be appointed by the court to discharge the duties devolving on such administrator, subject to the privilege and right on the part of said executors, or any of them, to file application for the setting aside of this order of suspension and a hearing thereon at any time within 30 days from the entry of this order.

"It is, therefore, ordered and adjudged by the court that said executors, for the reasons hereinbefore set forth, be and are hereby suspended from the further discharge of their duties as executors of this estate, subject, however, to the privilege and right on the part of the said executors, or any of them, at any time within 30 days from this date, to make application to this court for their reinstatement, and to show cause why such suspension should not be made permanent, and their letters revoked and canceled.

"It is further ordered by the court that E. H. Hunter, of Des Moines, Iowa, be and is hereby appointed administrator of this estate, with will annexed, to immediately qualify as required by law, to take charge of the office of said estate, located at No. 904 Observatory Building, Des Moines, Iowa, and all assets, personal property, and real estate belonging to this estate, together with all records, books, notes, mortgages, and contracts, securities, tax certificates, and other papers whatsoever belonging to or appertaining to this estate, for the purpose of doing such acts and things as such administrator as may be required in the proper discharge of his said duties as acting administrator of this estate, with will annexed, but that the bond of said administrator, with will annexed, be, and the same is hereby, fixed by the court in the sum of $10,000, the same to be duly filed and ap-

proved by the clerk of this court before such administrator enters upon the discharge of his duties herein.

"To all of which the said Elizabeth A. Mann and Ben E. Mann, executors, except."

It will be noted that this order amounted to a peremptory removal of these defendants as executors of the estate. The explanation for this feature of the order is set forth in an amended abstract by the appellee. This was that, on December 24, 1927, Harold J. Howe, as guardian of Elizabeth Luverne Gray, a minor, and a residuary legatee of the will, filed a petition, pursuant to the provisions of Section 12066 *et seq.*, Code of 1924, for the removal of the three executors, including both plaintiff and defendants in the proceeding herein entitled. Citation was issued, and served upon the three defendants named therein, requiring them to answer on or before February 3d. Answers were filed by these two defendants on February 3d, resisting such application. This is the proceeding referred to in the order of the court above quoted. That proceeding had not been tried, but was pending on the pleadings. The court simply took judicial notice of it, and concluded that the evidence which had just been heard in the instant proceeding was sufficient to sustain the petition for removal. In adopting such course, the trial court erred. An executor may not be removed summarily, nor otherwise than pursuant to the procedure provided in the statute above noted. The fact that the order was in the form of a suspension, and with leave to the executors to apply for reappointment, does not aid its validity. The defendants were legally entitled to a trial, and to a record, upon which an appeal could be based.

It is urged by appellee that the appellants did not appeal from such part of the order; that they appealed only from that part of the order reducing the compensation; that no notice of  appeal was served upon Harold J. Howe, the guardian, nor upon an intervener in said proceeding. The point is not well taken. The appellants served their notice of appeal upon the petitioner and upon her attorneys and upon the clerk. The appeal purported to be in this proceeding, and was "from the order of the court aforesaid, entered on or about February 14, 1928, in

the matter of the hearing of the application for the reduction of compensation of Ben E. Mann, executor.'' This was a proper description of the order entered in this proceeding. The guardian was not a party to this proceeding, nor did he purport to be. The order appealed from contained within itself the description of the proceeding in which it was entered, and stated the appearances therein. The fact that the order of removal was not germane to this proceeding and was not authorized therein, does not preclude the right of appeal therefrom. It operated directly upon the status of the defendants. They had, therefore, a right of appeal therefrom and a right to assign error thereon.

Inasmuch as there must be a reversal on the ground now indicated, and inasmuch as the case must be remanded without prejudice to a trial on the merits of the case now pending in the district court for such removal, we deem it proper that we should refrain from forming any opinion on the merits of the question of compensation. The proceeding was triable at law, and subject to the ordinary rules of evidence. The issue was a narrow one, and there was little occasion for much of the great volume of evidence taken. Much irrelevant evidence was introduced, the natural effect of which was to prevent a fair trial. The evidence in this proceeding should be confined to the single issue made by the pleadings.

The order appealed from is reversed, and the cause is remanded, without prejudice, to a new trial.—*Reversed.*

ALBERT, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.