IN RE ESTATE OF ELMER COLLICOTT.

No. 44355.

FEBRUARY 7, 1939.

E. E. Collins, for appellant.

Deacon, Sargent & Spangler, for appellee.

MILLER, J.—This appeal presents a question of proper pleading under sections 12066 and 12067 of the Code.

The decedent herein died testate on June 5, 1936. His widow filed a petition for probate of his will. The will was admitted to probate, and the widow confirmed as executrix. She elected to take under the will, filed inventory, applied for and was granted a widow's allowance. The will contained a bequest to appellant, only son of decedent, in the amount of $1,000 and devised and bequeathed the balance of the estate to the widow. The widow was represented, as executrix, by the law firm of Deacon, Sargent & Spangler. The executrix died May 16, 1937.

On July 6, 1937, the attorneys for the deceased executrix

filed an application for the appointment of an administrator with the will annexed, reciting that the executrix was deceased, that certain tax reports should be promptly made, that appellant had been repeatedly notified of the necessity that an administrator be appointed, but had made no response. The application asked for the appointment of the Guaranty Bank & Trust Company, as such administrator. On the same day the bank was appointed, and two days later qualified by filing a bond in the sum of $15,000. Letters of administration were issued to the bank. Directly thereafter the bank filed an application to fix fees of the executrix, administrator and the attorneys, preliminary to making report on inheritance tax, and the court entered an order fixing such fees.

On August 3, 1937, a report was filed on behalf of the deceased executrix, showing receipts and disbursements and a balance of $9,581.94. On August 6, 1937, appellant was served with notice that the hearing on such report would be had on September 14, 1937. The report came on for hearing on September 25, 1937. Appellant did not appear at the hearing, but made default. The report was approved and the bank, as administrator, was ordered to account for the balance of $9,581.94.

On September 27, 1937, appellant filed a motion to set aside the order of September 25, 1937, and thereafter filed an amendment to such motion. On October 30, 1937, hearing was had on appellant's motion, as amended, and the motion was overruled. Thereafter the bank filed inventory, as administrator with the will annexed.

On December 1, 1937, appellant filed a petition alleging that he is the son and sole surviving heir of the decedent and the executrix herein; that the appointment of the appellee bank was made over the objections and protests of appellant; that appellant is the duly appointed and qualified administrator of the estate of his deceased mother; that he had made demand upon the attorneys for appellee herein to deliver up the records, files, papers, etc., in their possession so that he might close this estate, but they had failed and refused to comply with such demand, and contrary to the wishes and over the protests of appellant had secured the appointment of the appellee as administrator, and secured the entry of an order allowing fees in this estate; that there is a bitter, resentful and antagonistic feeling

between the appellee bank and its attorneys on one hand and appellant on the other hand; that to continue the bank as administrator herein will result in further waste, useless expenditure for attorney fees and costs due to such ill feeling; that appellant, as administrator of his mother's estate, is prevented by the conduct of the bank and its attorneys, from making inventory, as required by law, and if the bank continues as administrator herein, it will cause useless costs and expenses for the purpose of harassing and annoying appellant. The petition also referred to the report filed on behalf of the deceased executrix and charged that said report affirmatively shows that the property of this estate has not been fully and fairly inventoried and shows the bank has been and is withholding property and assets of this estate from appellant; that the failure to file a proper inventory and account for the property and assets of the estate has been done intentionally to cover and conceal from appellant property belonging to the estate, and for the purpose of harassing and annoying appellant and to cause needless expense, litigation, injury and damage to the two estates and appellant. The petition further states that due to the ill feeling existing between appellee bank and its attorneys on the one hand and appellant on the other, in connection with the administration and management of this estate, it will be a useless waste of time and expense to permit the bank to further act in the settlement of the estate, and to do so will provoke additional and unnecessary litigation and expense to both estates, all to no good purpose. The petition concludes with the following prayer:

"Wherefore, your petitioner prays that the letters of Administration with Will Annexed, granted to the Guaranty Bank & Trust Company, as Administrator with Will Annexed of the estate of Elmer Collicott, deceased, be annulled, set aside and held for naught and that said Administrator with Will Annexed be ordered and directed on such notice as the Court may prescribe to appear and show cause, on a date to be fixed by the Court, why the letters of Administration, heretofore granted to it as herein recited, should not be set aside, together with all the entries and orders heretofore made in connection with such appointment, together with such other and further general relief in equity as to the Court seems meet and proper in the premises and for costs."

On December 31, 1937, appellee bank filed a motion to strike appellant's aforesaid petition, setting forth three grounds: First, that the petition is not in compliance with the law; second, that appellee bank has been performing its duties as administrator, and appellant has appeared herein and by his acts recognized appellee as such administrator and no proper grounds for the removal of the bank is set forth in said so-called petition; third, that the condition under which this estate has been handled has been presented to the court and litigated and adjudicated adverse to appellant.

Hearing was had upon appellee's motion to strike appellant's petition to cancel letters of administration and said motion was sustained. Appellant has perfected an appeal from such ruling to this court.

Appellant has certified to this court a transcript of the entire record in the handling of this estate, and insists upon our giving consideration to the entire record in determining the propriety of the court's ruling on appellee's motion. Examination of the transcript of the hearing before the district court clearly indicates that the district court took into consideration many matters of record before the court concerning the prior rulings of the court, which appellant's petition asked the court to set aside. So considering the record, it appears that some of the allegations which appellant makes in his petition, attacking prior orders of the court herein, are at variance with the record in this estate. So considering the record, the trial court determined that the matters, which appellant's petition challenged, had already been determined by the court and that the appellant's petition was not a proper method to set aside such orders.

Appellant's theory is that his petition should be considered a proper petition for the removal of appellee bank, as administrator, pursuant to the provisions of sections 12066 and 12067 of the Code. This position of appellant demonstrates that the correctness of the view of the trial court, last above referred to, is not a matter for us to pass upon. The provisions of the statute, which now appear as section 12066, were contained in the Code of 1873 as section 2496. In construing the statute, as it appeared in the Code of 1873, this court states in the case of Holderbaum v. Shriver, 82 Iowa 730, 47 N. W. 899, as follows:

"This proceeding is independent of any mere exceptions to

the reports of an executor. It is a special proceeding, authorized by sections 2496, 2497 and 2498 of the Code, founded upon a verified petition for the removal of an executor. The right of a proper party to file such a petition, and prosecute it, is not dependent upon any contest upon exceptions to reports of the executor."

The matters referred to in appellant's petition, which challenged the correctness of the order appointing appellee bank as administrator, and approving the report filed on behalf of the deceased executrix, were not matters to be raised by a petition under the provisions of section 12066 for the obvious reason that the correctness of such rulings has no bearing upon the granting of relief sought by such petition.

This court has repeatedly held that, in order to secure the removal of an administrator, one must follow the provisions of the statute. Haddick v. District Court, 160 Iowa 487, 141 N. W. 925, Ann. Cas. 1915D, 278; In re Estate of Bagnola, 178 Iowa 757, 154 N. W. 461, 160 N. W. 228; In re Estate of Mann, 208 Iowa 1193, 225 N. W. 261.

The statute contemplates the filing of a petition for such removal. The component parts of a petition are specified by section 11111 of the Code to include the caption, a statement of the facts constituting the basis for relief, and the prayer. This court has repeatedly recognized that the relief to be afforded is limited by the prayer of a petition. In the case of Wiechers v. Pool, 172 Iowa 422, 153 N. W. 65, this court considered a petition for the appointment of a guardian for the property of an incompetent. The order of the trial court appointed a guardian for the defendant's property and also of his person. This court held that the trial court erred in respect to the guardianship of the person because there was no prayer for such relief.

Accordingly, we must determine the sufficiency of appellant's petition primarily from the prayer. We have quoted the prayer verbatim, supra. It requests the trial court to annul, set aside and hold for naught the letters granted appellee bank, as administrator herein, and to fix the hearing for appellee to show cause why such letters should not be set aside together with all the entries and orders made in connection therewith and subsequent thereto. Section 12066 contains no provision for the granting of any such relief by the court. When appellant un-

dertook to secure the relief afforded by the statute, the statute determined the extent of relief that might be granted. A proper petition for removal of an administrator, pursuant to the provisions of section 12066, contemplates action incident to the future handling of the estate and future accounting as to past transactions. The prayer of appellant's petition attempted to invalidate previous handling of the estate. This is not within the contemplation of section 12066 of the Code.

The fatal defect in appellant's petition is the absence of a prayer for the removal of the appellee bank as administrator, within the contemplation of section 12066 of the Code. The trial court properly sustained appellee's motion to strike appellant's petition under the first ground of such motion.

Appellant has suggested in his brief and argument that the first ground of appellee's motion to strike was insufficient to warrant the trial court's considering it. Examination of appellant's assignment of error demonstrates that it is insufficient to properly challenge such action of the trial court.

Appellee has filed a motion in this court to strike appellant's reply brief. While much of the criticism appellee makes of such brief is warranted, we are constrained to overrule the motion.

The decision of the district court herein is affirmed.— Affirmed.

MITCHELL, C. J., and OLIVER, SAGER, BLISS, STIGER, and HALE, JJ., concur.