## HARGER v. SPOFFORD.

1. **Attachment:** DISSOLUTION OF: APPEAL. Where an attachment has been dissolved in legal effect by the rendition of a judgment, and the party holding the property under the attachment fails to appeal within two days after the judgment is rendered, the attachment is not revived by appeal, nor is the trial court deprived of jurisdiction to order a discharge.

*Appeal from Polk Circuit Court.*

WEDNESDAY, OCTOBER 18.

THE jury in this case having returned a verdict for the plaintiff, the· court, on the 23d day of February, 1876, over-

ruled the motion to set aside the verdict, and for a new trial, and rendered judgment in favor of plaintiff for the sum of $600.

On the 29th day of February, 1876, the plaintiff filed a motion asking the court to make an order commanding the sheriff to deliver to said plaintiff the full occupancy and possession of a certain two story frame building, described in plaintiff's petition, and levied on by the sheriff, under writs of attachment, at the instance of Spofford, under a counterclaim asserted in this action, and still kept from plaintiff by the sheriff.

On the first day of March, 1876, the defendant, Spofford, perfected an appeal from the judgment of the court rendered February 23, 1876, and filed a sufficient supersedeas bond, which was duly approved by the clerk.

On the 3d day of March, 1876, the court recited the fact that the attachment had been dissolved by the judgment in said cause, and ordered the sheriff to restore to plaintiff the custody and control of the property described.

On the 4th day of March, 1876, the defendant appealed from this order, and filed a supersedeas bond.

*P. F. Bartle*, for appellant.

*Wm. Connor* and *Phillips, Goode & Phillips*, for appellee.

DAY, J.—The only point made by appellant is, that the court had no jurisdiction to make the order of March 3d,
1. ATTACH-
MENT: disso-
lution of: ap-
peal.
1876, upon the ground that the main cause had been appealed. The judgment adverse to defendant was rendered on the 23d day of February.

The effect of the judgment against defendant was to discharge his attachment, unless appealed from within two days. Code, sections 3019, 3020.

On the 29th day of March, no appeal having been taken, the attachment was by operation of law discharged, and plaintiff then had a right to an order of court declaring that fact, and directing a surrender of the attached property. The

appeal was not taken until the day after plaintiff filed his motion asking this order. Defendant could not, by appealing in the main action, deprive the court of jurisdiction to make a proper order respecting the attached property.

The appeal did not revive or affect in any manner, the attachment. It removed to the Supreme Court, for review, no question connected with or affecting the attachment. The order of the court was in the nature of an amendment to the judgment entry. It would have been quite proper for the court, when the main judgment was rendered to have ordered that the attachment be discharged, and the attached property be restored to the plaintiff. If this had been done, an appeal taken within two days would have suspended the order. As this order was not made, when the judgment was rendered, although the judgment in legal effect dissolved the attachment, the plaintiff had the right to move the court at a subsequent time for that order. Defendant could not, by appealing after the attachment was in legal contemplation dissolved, deprive the court of jurisdiction to enter an order of discharge.

The judgment of the court below, directing a restoration of the attached property to plaintiff, is

AFFIRMED.