JOHN V. FARWELL & Co., Appellants, v. TIFFANY BROS. *et al.*, Appellees.

Attachment by Garnishment: DISCHARGE: APPEAL. Where under an attachment by garnishment issue was joined upon the answer of the garnishee, involving the validity of a bill of sale to the garnishee as against the attachment, and upon the trial a judgment was rendered discharging the garnishee, *held*, that the appeal from said judgment not having been perfected within two days as provided by section 3019 of the Code, it should be dismissed.

*Appeal from Hardin District Court.*—HON. S. M. WEAVER, Judge.

WEDNESDAY, MAY 13, 1891.

·ACTION, aided by attachment, against Tiffany Bros. The Citizens' Bank, being garnished, answered that it held property of the defendants under a bill of sale to secure a debt due to the bank from the defendants.

Issue was joined upon the answer, and J. A. Boyer intervened, claiming that the bill of sale also secured a debt due to him from the defendants. August 27, 1889, judgment was entered in favor of the plaintiffs against Tiffany Bros., and on October 28, 1889, judgment was entered establishing the claim of the garnishee, and in favor of the intervenor for the balance in the hands of the bank, after satisfying its claim, to the extent of said intervenor's claim. To these last-named judgments the plaintiffs duly excepted, and appealed therefrom on February 6, 1890.— *Dismissed.*

*C. E. Albrook,* for appellants.

*George F. Baker,* for garnishee.

*Binford & Snelling,* for intervenor.

GIVEN, J.—The appellees move to dismiss this appeal because not taken within the time fixed by law. Section 3019 of the Code provides: "When an attachment has been discharged, if the plaintiff then announce his purpose to appeal from such order of discharge, he shall have two days in which to perfect his appeal, and during that time such discharge shall not operate a return of the property, nor divest any lien, if such appeal be so perfected at the end thereof." The contention is whether this section applies to this case. The attachment was by garnishment under subdivision 4, section 2967, of the Code. It was as effectual an attachment of the property in the hands of the garnishee as if it had been levied upon and taken into possession. The garnishee was bound to hold it until "dealt with according to law." Code, sec. 2975. The answer of the garnishee showed property in its hands which it claimed under a bill of sale as security. Issues were joined on this answer by both the appellant and intervenor. The contention was as to the validity and superiority of the bill of sale over the attachment. The finding was in favor of the bill of sale and a judgment entered, which

is in effect an order discharging the attachment as to that property.

The object of section 3019 is obvious. Without it, a discharge of the attachment would at once release the property, and in most cases defeat the purpose of an appeal ; with it, by appealing within the time fixed, the property is held to abide the final result. The reasons for the rule exist with equal force in a case of attachment by garnishment as in a case of direct levy. *Ryan v. Heenan*, 76 Iowa, 590. By the garnishment this property was required to be held subject to the attachment, and by the judgment the attachment was discharged as to it, and the property released, unless the attachment was preserved by an appeal. The judgment or order appealed from is that discharging the attachment as to the property in the hands of the garnishee. The attachment could only be preserved from that order, and the order reviewed, by an appeal taken under section 3019. An appeal taken later would not revive the attachment. *Harger v. Spofford*, 44 Iowa, 369.

We think the motion must be sustained, and the appeal DISMISSED.