A. E. MUNN, Appellant, v. R. SHANNON, Appellee.

1. **Attachment:** DISCHARGE: APPEAL: JURISDICTION. The failure of the plaintiff. in an action begun by attachment against a nonresident, to take an appeal within two days after an order discharging the attachment, as provided in section 3019 of the code, will not deprive the supreme court of jurisdiction of an appeal in such case for purposes other than the preservation of the attachment lien, where the defendant has appeared, and pleaded to the merits of the case.

2. **Former Adjudication:** EVIDENCE. In a former action by the defendant herein against the plaintiff herein, the subject of this action was pleaded as a counterclaim. The record therein, however, showed that such counterclaim was withdrawn pending argument on a demurrer to the answer, and that no evidence was offered in support thereof on the trial, but the jury was instructed respecting the same in a manner that would have been warranted only if said counterclaim had remained an issue in the case. *Held*, that in order to support the action of the court in the former case, it must be presumed that the withdrawal of the counterclaim was temporary only, and that the evidence was sufficient to show a former adjudication.

3. ———: WITHDRAWING QUESTIONS FROM JURY. The language used in the counterclaim to describe the cause of action being in legal effect precisely the same as that used in this case, and there being no pretense in the evidence that the causes of action were not identical, *held*, that there was no error in not submitting the question of identity to the jury.

*Appeal from Boone District Court.*—HON. J. L. STEVENS, Judge.

SATURDAY, OCTOBER 15, 1892.

ACTION to recover an amount alleged to be due to the plaintiff for personal services rendered on account of the defendant. A jury was impaneled to try the cause, but the court took the case from the jury, and rendered judgment in favor of the defendant. The plaintiff appeals.—*Affirmed.*

*E. L. Green*, for appellant.

*W. S. Bicksler*, for appellee.

ROBINSON, C. J.—The petition alleges that from the year 1867 until about the year 1885 the plaintiff was employed by, and rendered services for, the defendant in loaning and collecting money, and in renting and selling houses, and in collecting rents, of the value of seven hundred dollars, no part of which has been paid. The answer denies the alleged employment and indebtedness, and pleads a settlement; also a prior adjudication; and that the action is barred by the statute of limitations. After the evidence had been fully submitted, the defendant moved the court to take the case from the jury, and render a judgment in favor of the defendant, for the reason that the evidence showed a prior adjudication of the cause of action alleged in the petition, and that it was barred by the statute of limitations. The motion was sustained.

I. An attachment against the property of the defendant was issued. Judgment was rendered on the ninth day of September, 1890, and the attachment discharged, but the appeal was not perfected until the eleventh day of the next December. The appellee has filed a motion to dismiss the appeal for the reason that it was not taken within the time fixed by sections 3019 and 3020 of the Code, which are as follows: "Section 3019. When an attachment has been discharged, if the plaintiff then announce his purpose to appeal from such order of discharge, he shall have two days in which to perfect his appeal, and during that time such discharge shall not operate a return of the property, nor divest any lien, if such appeal be so perfected at the end thereof. Section 3020. But if judgment in the action be also given against the plaintiff, he must also,

*Marginal note: 1. ATTACHMENT: discharge: appeal: jurisdiction.*

within the same time, take his appeal thereon, or such discharge shall be final."

The defendant is a nonresident of the state, but he entered a general. appearance in the case, and made a defense on the merits. A personal judgment could have been rendered against him, had the plaintiff succeeded. Therefore jurisdiction of the district court and of this court is not dependent upon the attachment, and there is nothing in the sections quoted to authorize a conclusion to the contrary. They regulate the time for taking an appeal from an order or judgment discharging an attachment in order to preserve the attachment lien, but do not affect the right of appeal for other purposes, although in some cases an appeal might be fruitless if not so taken as to prevent a dissolution of the attachment, and for that reason this court might refuse to entertain it. There is nothing in the cases of *Harger v. Spofford*, 44 Iowa, 369, *Ryan v. Heenan*, 76 Iowa, 590, and *Farwell v. Tiffany*, 82 Iowa, 405, relied upon by appellee, nor in the case of *Peterson v. Hays*, 85 Iowa, 14, in conflict with the conclusion we have announced. The motion to dismiss is overruled.

II. It is admitted that in the year 1879 the parties to this action had a settlement, in which the plaintiff gave his promissory note to the defendant for the sum of one thousand, one hundred and eighty dollars. The defendant claims that the settlement so made was full and complete, and that it included all matters of business between the parties which had not been previously settled, while the plaintiff contends that it did not include any of the claims for which he seeks to recover in this action, and that the note he gave was for money which he had received from the defendant, and interest thereon, which remained after deducting payments. In the year 1885 the defendant brought suit in the district court of Boone county on the note given him by the

2. FORMER adjudication: evidence.

plaintiff.   The latter appeared, and filed an answer, in which he alleged usury and want of consideration, and also a counterclaim, in which he sought to recover on the same causes of action upon which this action is brought.   A demurrer to the answer was filed, and proceedings were had as shown by an entry, as follows: "On this day, to-wit, September 24, 1885, this cause comes on for hearing on the plaintiff's demurrer to the defendant's amended and substituted answer, which is duly submitted.   The defendant withdraws and dismisses his counterclaim pending the argument on said demurrer, which is taken under advisement, and thereafter, on this day, to-wit, September 25, 1885, the cause comes on for hearing on the plaintiff's demurrer to the defendant's amended and substituted answer, overruled, and the plaintiff excepts."

The charge to the jury contains the following: "By way of cross demand, the defendant avers that from 1867 to date of answer the defendant was engaged as an agent of plaintiff in the employment of loaning and collecting money, renting and selling houses under plaintiff's authority and direction of plaintiff, and that the services so performed by defendant for plaintiff, as such agent, were worth two thousand dollars, for which he prays judgment.   Under the issues thus joined * * * you will return your verdict.   The burden of proof is on the defendant to establish his defense.   The defendant has offered no evidence to support his cross demand for services, and so you will not consider that matter."   The jury returned a verdict for two hundred and fifty dollars in favor of Shannon, and judgment for that amount was rendered on the sixteenth day of June, 1886, in favor of the plaintiff.   We have set out all the evidence of a former adjudication which the record contains.

The burden was on the defendant to show that the particular matter in controversy in this action was

involved in the former one, and that it was determined on the merits. *Goodenow v. Litchfield*, 59 Iowa, 231; *Griffin v. Seymour*, 15 Iowa, 32. The appellant contends that the evidence fails to show that there was a determination, on the merits in the former action, of the matter now in controversy. The language contained in the record of September 24, 1885, considered alone, would authorize the conclusion that the words "pending the argument on said demurrer," were designed to express the time when the counterclaim was withdrawn, and not merely the time during which it was withheld from consideration. But the charge of the court clearly recognizes the counterclaim as representing an issue in the case, and shows that Munn was demanding judgment upon it. It does not appear that he interposed any objection to the charge. In order to support the action of the court, we must presume that the dismissal of the counterclaim was temporary only, and that it was restored as a pleading in the case before the final submission to the jury. The fact that Munn offered no evidence to sustain the counterclaim does not rebut the legal presumption that the court properly charged the jury in regard to the issues presented by the pleadings.

III. It is said that the court erroneously assumed to decide that the causes of action in the two cases were identical. As a general rule, the question of identity is one of fact for the jury to determine. *Amsden v. D. & S. C. R'y Co.*, 32 Iowa, 288. But the undisputed evidence shows that the language used in the counterclaim to describe the cause of action was, in legal effect, precisely the same as that used in this case, and there is no pretense in the evidence that the causes of action were not identical. Under these circumstances, there was no question of identity to submit to the jury.

3. ——: withdrawing questions from jury.

The conclusions we have announced render a con-

sideration of the question of the statute of limitations unnecessary, as the motion for judgment was properly sustained on another ground. The judgment of the district court is AFFIRMED.