W. S. CONKLING, Appellant, v. CLARA M. YOUNG, and THE STATE BANK OF MAXWELL, Defendants and Appellees. A. C. ENFIELD and MRS. A. C. ENFIELD, Garnishees and Appellees.

**Attachment by garnishment:** DISCHARGE: APPEAL. Where judgment
1 is rendered against an attaching plaintiff he must forthwith announce his intention to appeal and perfect the same within two days or he will lose all rights under the attachment; and this rule applies to attachment by garnishment.

**Bills and notes:** EXTENSION OF TIME: CONSIDERATION. A definite
2 agreement for the extension of a note to a fixed time is a sufficient consideration for the extension, although the maker parts with nothing but simply agrees to keep the money for the extended time at the same rate.

**Same:** *bona fide* PURCHASER. Where it appears from the note itself that time of payment has been extended, it can not be said to have been dishonored because not paid at the original date of maturity; and a purchaser thereof for value, before final maturity and without notice, is entitled to the proceeds as against an attaching creditor of the payee.

*Appeal from Story District Court.*—HON. C. G. LEE, Judge.

TUESDAY, MARCH 16, 1909.

ACTION at law upon a promissory note, aided by an attachment under which A. C. Enfield and his wife were garnished as debtors of Clara M. Young. The State Bank of Maxwell intervened, claiming that it was entitled to the money due from the garnishees. The case was tried to the court, resulting in a judgment for the garnishee and intervener, and plaintiff appeals.—*Affirmed.*

*Gillispie & Bannister* and *Chantland & Hadley,* for appellant.

*E. H. Addison* and *U. S. Alderman,* for appellees.

DEEMER, J.—Plaintiff brought suit against defendant, Clara M. Young, upon an account for medical services rendered defendant, Clara M. Young, and caused a writ of attachment to issue, which was served by garnishing Mr. and Mrs. A. C. Enfield. The notice of garnishment was served March 24, 1906, and upon that day the garnishees answered that they were indebted to defendant Young in the sum of $300 upon a promissory note dated February 16, 1903, and due February 16, 1905. Thereafter, and on May 20, 1907, plaintiff filed an amendment to his petition, setting forth the answers made by the garnishees, and averring that the note referred to therein had

been assigned to the State Bank of Maxwell on April 19, 1906; that said assignment was without consideration, and was made with intent to delay and defraud the creditors of Clara M. Young; that by reason of his attachment, garnishment, and judgment he acquired a prior lien upon the note and the amount represented thereby; and in another amendment to his petition he pleaded that the State Bank of Maxwell was not a good-faith purchaser or holder of the note for value, in that it purchased the same after maturity. The garnishees answered, admitting the execution of the note to Clara M. Young, and that they were indebted to some one thereon in the sum of $333; that they did not know to whom the money belonged, and they offered to, and did, pay the amount they admitted they owed, to the clerk of the district court, and asked to be discharged, with costs. The State Bank of Maxwell answered on August 26, 1907, alleging that it purchased the note from Clara M. Young before maturity for value, and without notice of any infirmities or intervening equities, and claimed that it was entitled to the money due. Judgment was obtained by plaintiff against Clara M. Young on September 13, 1907, and, upon the issues tendered by the pleadings heretofore quoted, a judgment was rendered December 30, 1907, in favor of the State Bank of Maxwell, discharging and dismissing the garnishees and taxing the costs to the plaintiff. The plaintiff gave no notice of his intention to appeal until he actually served notice on April 13, 1908. The facts are not seriously in dispute. On February 16, 1903, the garnishees made and executed their note for $300 to Clara M. Young, or order, due two years after date. On the face of the note is this indorsement written above the date line, and above the written and printed matter constituting the body of the note, "Ex-tended from February 16, 1905, to February 16, 1907." On the back of the note, in addition to other indorsements of interest, are the following: "February 20, 1905, Recd.

Twenty-one Dollars as interest for 1905;" and "3/15,-'06, Paid $21.00 Int. to 2/16,-'06." The garnishment was served on the makers March 24, 1906, and the State Bank of Maxwell purchased the note from Clara M. Young May 5, 1906, without notice of the garnishment, paying $299.50 therefor. It had no notice of the garnishment until four or five months after its purchase. The words "Extended from February 16, 1905, to Feby. 16, 1907," were on the note when the bank purchased it, and its officers believed that it had not been dishonored. The testimony shows that A. C. Enfield, on his own motion, and at the request of his wife, went to the payee, Young, on February 20, 1905, and asked her for an extension, at that time paying the interest for one year; that is, down to February 16, 1905. The payee, Young, agreed to extend the note for two years, and the makers, Enfield, promised to keep the money, and to pay the same rate of interest thereon as they had theretofore paid. At the request of Clara M. Young, her stepbrother wrote the words of extension heretofore quoted. The bank believed the note had been extended, and there is no doubt that both the makers and the original payee believed that the note had been extended.

I.    It will be noticed that appellant's claim is bottomed on an attachment of the amount due on the note by garnishment, and it will also be observed that this attachment

**I. ATTACHMENT BY GARNISHMENT: discharge: appeal.** was dissolved by order of the district court, December 30, 1907, and that no notice of intention to appeal was given or filed until April 13, 1908. By section 3931 and 3932, it is provided in substance that, where judgment is rendered against an attaching plaintiff, he must immediately announce his intention to appeal, and must perfect his appeal within two days thereafter, or the discharge of the attachment will be final. These statutes have been construed many times, and the universal holding has been that if a plaintiff fails to follow them he loses all rights under his attachment.

See *Harger v. Spofford,* 44 Iowa, 369; *Ryan v. Heenan,* 76 Iowa, 589; *Farwell v. Tiffany,* 82 Iowa, 405; *Peterson v. Hays,* 85 Iowa, 14. That the same rule applies to attachment by garnishment, see *Peterson* case, last above cited. Whilst the proceeding as finally presented was in the nature of a creditors' bill or equitable levy, nevertheless the attachment or garnishment was the foundation of the action, and, if that be discharged, there is nothing left of the proceedings.

II. Moreover, plaintiff having failed to prove any fraud in the negotiation of the note or any notice to the bank of the garnishment proceedings, the bank is entitled

2. BILLS AND NOTES: extension of time: consideration.

to the note and to the proceeds thereof by reason of being a purchaser for value before maturity and without notice. Plaintiff's contention that the note was dishonored before the bank purchased, in that there was no consideration for the extension, is without merit, for that we have recently held that a definite agreement for an extension to a fixed period is valid and based upon a sufficient consideration, although the maker parts with nothing, and agrees to do no more than keep the money for the period of the extension at the same rate of interest. *Lahn v. Koep,* 139 Iowa, 349. So that there was a sufficient consideration for the extension.

But appellant contends that, as the note was once dishonored for failure to pay at maturity, that dishonor could never be purged, although purchased by one who had no

3. SAME: bona fide purchaser.

notice thereof, but believed from the face of the instrument that it had never been dishonored. His counsel cite, in support of the proposition, *Sagory v. Metropolitan Bank,* 42 La. Ann. 627 (7 South. 633); *Marcal v. Melliet,* 18 La. Ann. 223. Neither of these cases is in point. In the first one, one of the notes showed on its face that the time was not extended until after the note had matured. The other note bore an indorsement extending the time of payment, and

the court said this must be treated as being incorporated into the note, and a part of it, as though that date had been originally written into the note. In *Marcal's* case, the indorsement granting the extension showed that, it was not made until nearly a year after it had been dishonored. The court remarked in that case that the only effect of the indorsement was to arrest judicial proceedings for its collection until the arrival of the second stipulated period. In the instant case there was nothing on the face of the instrument to indicate that it had ever been dishonored. On the contrary, it appeared therefrom that by reason of the extension of time it had not matured when the bank purchased it. The bank therefore was an innocent purchaser, before maturity, for value, and the trial court did not err in discharging the garnishees.

The judgment must be, and it is, *affirmed.*