H. R. WOODS et al., Appellants, v. EDGAR A. BROWN et al., Appellees.

MARCH 5, 1929.

*Clinton R. Dorn,* for appellants.

*H. P. Daly* and *John McLennan,* for appellees.

FAVILLE, J.—On December 28, 1923, the appellants commenced an action in the district court of Polk County, Iowa, against the appellee Brown on a promissory note. On March 13, 1924, judgment by default was entered in favor of the appellants for the full amount due on said note. On June 12, 1925, the appellee filed his petition in bankruptcy, and on the same day, appellee's mother died intestate, and the appellee became entitled

to participate in her estate The Jasper County Savings Bank, of Newton, Iowa, was duly appointed administrator of the estate of the appellee's mother, and qualified as such. Certain proceedings were had in the bankruptcy matter which are not material to the question involved on the motion to dismiss the appeal. On July 15, 1925, execution was issued upon the appellants' judgment, and the administrator bank was duly garnished. The answers of the administrator were taken by the sheriff at the time of the service of the garnishment, as provided by statute, and said answers disclosed that the garnishee had in its possession the portion of the estate of said decedent which would go to the appellee. For some reason, said answers were not filed in said proceedings until March 26, 1927. On March 12, 1927, the appellee had filed a motion to discharge the garnishee. Appellant filed a resistance thereto, and a hearing was had on said matter on or about the 26th day of March, 1927. No ruling appears to have been entered at said time, and on or about the 19th day of April, 1927, the appellee filed a motion to strike portions of appellants' evidence taken at said hearing, and for judgment upon the pleadings filed. Thereupon, it appears that the trial court requested counsel for both parties to file written briefs upon the questions of law submitted. A brief was filed by counsel for the appellee, and, no brief having been filed by counsel for the appellants, on May 7, 1927, the court sustained the motion of the appellee to discharge the garnishee. This motion was duly entered of record. The same day, however, counsel for the appellants submitted their brief to the trial court. An affidavit of the trial judge filed in connection with the motion to dismiss the appeal states that the court informed counsel for appellants at that time that, unless he had some authorities in point on the question, he would still sustain the motion to release the garnishment and discharge the garnishee. On May 10, 1927, the court vacated and set aside the order that had been entered on May 7, 1927, to discharge the garnishee. The matter appears to have there rested in abeyance until the 14th day of May, 1927, when the trial court entered an order again sustaining the appellee's motion to release the garnishment and to discharge the garnishee. Appellants' counsel had not furnished any additional authorities to the court in the interim, as appears from the affidavit of the trial judge. It appears that counsel for the appel-

lants was not advised of the entry of the order discharging the garnishee on May 14th, and did not discover the same until it was published in a paper announcing legal proceedings on the 16th. Upon discovering that said order had been entered, appellants' counsel immediately notified the garnishee by telephone of an intention to appeal from said order, and directed the garnishee not to pay any money to the appellee. It appears, however, that, in the meantime, the appellee had presented to the garnishee a copy of the order of the court sustaining said motion to discharge the garnishee, and thereupon the garnishee had paid to the appellee the amount of said funds in its hands belonging to the appellee.

I. Section 12141, Code of 1927, is as follows:

"When an attachment has been discharged, if the plaintiff then announces his purpose to appeal from such order of discharge, he shall have two days in which to perfect his appeal, and during that time such discharge·shall not operate to divest any lien or claim under the attachment, nor shall the property be returned, and the appeal, if so perfected, shall operate as a supersedeas thereof."

The appellee contends that this section of the statute was not complied with by the appellants, and therefore the appeal should be dismissed. The section of the statute is designed to protect an attaching or garnishing creditor in whatever rights he may have under his attachment or garnishment in the event of an adverse decision by the trial court and the prosecution of an appeal by the creditor. Under the plain provisions of the statute, the attaching creditor must announce his purpose to appeal from the order of discharge at the time the order is made. The language of the statute is that the creditor shall "then" announce his purpose to appeal. It is a matter of common knowledge that, in the usual practice in this state, attachment and garnishment proceedings are tried out in open court, and very frequently are submitted upon a motion to discharge the garnishee, often made at the close of the taking of the answers of the garnishee, if the same are taken in open court. The law provides that, if the plaintiff in the action *then* announces his purpose to appeal, the garnishment or attachment will not be discharged, provided the appeal is perfected within two days.

The purpose of the statute is to protect the attaching creditor in all his rights, in the event of an adverse decision and a discharge by the trial court. It provides for the expeditious disposal of the question involved, and permits the garnishee to be discharged from liability in the event that no such announcement is made and appeal perfected within the limited time. The statute is clear in its terms, and does not require construction.

The identical question presented in this case was before us on a motion to dismiss an appeal in *Farwell & Co. v. Tiffany Bros.*, 82 Iowa 405. We therein held that the garnishment could only be preserved from the order of discharge and the order reviewed by an appeal in the manner provided by the then existing statute, which is substantially the same as the present Code. We held that an appeal taken later would not revive the attachment.

In *Conkling v. Young*, 141 Iowa 676, referring to the statutes, we said:

"By Sections 3931 and 3932 it is provided, in substance, that, where judgment is rendered against an attaching plaintiff, he must immediately announce his intention to appeal, and must perfect his appeal within two days thereafter, or the discharge of the attachment will be final. These statutes have been construed many times, and the universal holding has been that, if a plaintiff fails to follow them, he loses all rights under his attachment. See *Harger v. Spofford*, 44 Iowa 369; *Ryan v. Heenan*, 76 Iowa 589; *Farwell v. Tiffany*, 82 Iowa 405; *Peterson v. Hays*, 85 Iowa 14. That the same rule applies to attachment by garnishment, see *Peterson* case, last above cited."

See Section 11679, Code of 1927.

Appellants seek to avoid the effect of this statute and the former decisions of this court by the contention that counsel for the appellants was not advised of the ruling of the court in discharging the garnishee at the time the same was made, and contend that the written order of discharge which was signed by the trial court in said matter was not presented to counsel for the appellants for his approval, in accordance with a custom and usage in the district court of Polk County. However strongly the equities of the question presented by this contention of the appellants' may appeal to the court, they are not available to

■■■■■■■■  ■■■■

the appellants at this time. We are compelled to construe the statute as we find it. Rulings on a motion to discharge a garnishee are quite a different thing from the signing of judgment orders or decrees. A written and signed order of discharge is not essential to the validity of the proceedings for the discharge of the garnishee. As long as the proper entry of the ruling on the motion to discharge was made, it is all that is contemplated by the statute. Appellants' counsel was fully advised of the fact that the court had at one time made an entry sustaining the motion to discharge. This was set aside by the court, and further time given the appellants to furnish an additional brief to the court, if counsel so desired. None such was furnished, and subsequently the court again ruled upon the motion to discharge the garnishee. No application was made to the court to set aside this ruling, and no showing of any kind made to the court that it was not properly entered. We see no way in which we can avoid the application of the plain provisions of the statute. The appeal from the order of discharge was not in accordance with the imperative requirement of the statute to preserve the garnishment, and by reason thereof the motion to dismiss must be sustained.—*Appeal dismissed.*

ALBERT, C. J., and EVANS, KINDIG, WAGNER, and GRIMM, JJ., concur.