ETHEL P. HOYER, Appellant, v. A. N. JORDAN et al., Appellees.

No. 39097.

■

APRIL 2, 1929.

REHEARING DENIED OCTOBER 19, 1929.

*Robertson & Robertson,* for appellant.

*L. W. Powers,* for Hugo Saggau and A. N. Jordan, appellees.

*Smith & More* and *Thomas J. Buckley,* for M. B. Baily, appellee.

*P. W. Harding,* for Jack O'Connor and W. E. O'Connor, appellees.

ALBERT, C. J.—I. The plaintiff, Ethel P. Hoyer, foreclosed a mortgage against a certain 120 acres of land owned by the defendant A. N. Jordan. In this proceeding, after the sale of the land, there was a deficiency judgment of $5,183.-  04. Jordan had leased the land to certain parties by the name of O'Connor, which lease was accompanied by a note for $800, to cover the rent. This note and lease were transferred by Jordan to M. B. Baily, who sought to collect the rent from the O'Connors, and brought an action therefor, the O'Connors claiming that they did not know to whom the rent was payable. In this action, the O'Connors paid $800 into the hands of the clerk of the district court of Crawford County. The plaintiff thereupon issued execution, and garnished said clerk. The clerk answered that he had no funds due the plaintiff. Plaintiff then controverted the answers of the garnishees, and by proper proceedings brought in Baily

and the O'Connors, and issue was joined on the question as to who was entitled to this fund in the hands of the clerk. In this proceeding, the clerk admitted that he had the $800 paid to him by the O'Connors. On the trial of the case, it was stipulated by the parties that:

"This action and all of the issues raised in his case by the pleadings herein between the plaintiff, Ethel P. Hoyer, and the said garnishees and M. B. Baily be, and they are, transferred to equity, and such issues are to be tried as equitable issues, and the case is to be tried and determined by the court as an action in equity. And by order of the court, this action is transferred to equity, and is tried by the court as an equitable action, and this action upon said issues is tried by the court as an action in equity."

At the conclusion of the hearing, the court decreed:

"All claims of the plaintiff, Ethel P. Hoyer, to the money in the hands of the said garnishees herein be, and the same are hereby, dismissed, and this garnishment proceeding is dismissed, and the garnishees, said Hugo P. Saggau, as clerk of the said district court and personally, and the said Jack O'Connor and W. E. O'Connor, are hereby discharged and released from any and all liability as garnishees herein, and that the said defendants A. N. Jordan and M. B. Baily, defendants in this action, have and recover of and from the plaintiff, Ethel P. Hoyer, the costs of this action, as taxed herein, at $51.30."

At the threshold of the case, we are confronted with a motion to dismiss the appeal, because of Sections 12141 and 12142, Code of 1927, providing that, when an attachment has been discharged, if the plaintiff then announces his purpose to appeal from such order, he must perfect his appeal within two days thereafter. It appears in the instant case that these sections of the statute were not followed, and that, a few days after the decree herein was entered, the clerk paid the money in his hands to Baily. Defendants therefore insist that this appeal should be dismissed. If this were all there was to this question, the motion to dismiss should be sustained. We have fully settled this question in the case of *Woods v. Brown*, 207 Iowa 944. But the appellant insists that, by reason of the stipu-

lation hereinbefore set out, the rule announced in the *Woods* case, supra, has no application, and that, by the stipulation, whatever rights existed in the garnishment matter to have the aforesaid rule applied were waived by reason of the transfer of this case to equity. It will be noticed by reading the stipulation that the case was not only transferred to equity, but it was agreed that all issues involved should be tried in equity. Does this operate to nullify the force and effect of the rule announced in the *Woods* case?

If we turn to the decree entered in this matter, it will be noted that the court did not, in terms, determine the question of who was entitled to this money. The decree simply holds that the claims of the plaintiff were dismissed, and the garnishment was dismissed, and the garnishees were discharged and released from any liability as garnishees therein. The court made no order whatever as to the disposition of the fund in the hands of the clerk.

When we turn to the pleadings and the evidence, it is to be seen that, in its final analysis, the issue actually tried was whether or not Baily was entitled to this fund in the hands of the clerk. No one disputed that the fund was there, and no one disputed that the plaintiff's garnishment would hold said fund if Baily did not have a prior right thereto. So, under the issues joined, and the evidence, the court could not have reached the decree it did without deciding the question as to whether or not Baily was entitled to this fund; and as to the conclusion of the court embodied in the decree, he must have found that Baily was entitled to this fund, even though he did not so state in words in his decree; and this question, under the stipulation, was tried in equity.

We are of the opinion, therefore, that, under the peculiar turn this case has taken by reason of the stipulation, the court did, in fact, hold that Baily was entitled to this fund. To simplify, the real contention in this case may be thus stated: The fund was admittedly in the hands of the garnishee. It was also admitted that the plaintiff was entitled to this fund under her garnishment, unless Baily was shown to have a prior right thereto. The fund was there, and the issue was whether the plaintiff was entitled to it, under her garnishment, or whether Baily was entitled to the same. This was the equitable issue tried, and

the plaintiff lost. The garnishment proceeding itself and the matters therein involved became merely an incident in this dispute between the plaintiff and Baily over this fund. The failure to take an appeal within two days had no other effect than to discharge the garnishee as such, and did not affect the equitable issue as between the plaintiff and Baily. If plaintiff were to prevail here against Baily, she would be entitled to a judgment against him for the amount collected by him from the garnishee. The matter having been placed in this condition by reason of the stipulation, we conclude that the rule announced in *Wood v. Brown,* supra, and our prior cases cited therein, have no application to the case before us. This being true, it necessarily follows that the motion to dismiss should be, and is, hereby overruled.

II. The plaintiff sought to defeat Baily's right to this fund on the ground that, when the mortgage and note were transferred by Jordan to Baily, such transfer was made for the express purpose of cheating and defrauding the creditors of Jordan, and particularly the plaintiff.

A statement of some of the facts is necessary to an understanding of this proposition: Baily had, for many years, been Jordan's attorney, Jordan having been cashier of a bank in Dunlap, Iowa. Jordan was carried down by the financial distress following the World War, and Baily's claim is that he had not had a settlement with Jordan for legal services performed for six years prior to the time of the commencement of the trial of this case; that, realizing Jordan's financial condition, he pressed him for a settlement of the account, and that Jordan transferred this lease and note to him in settlement for such legal services: and the question is whether or not, under all of the evidence in the case, the court was right in holding, by implication, that Baily was the legal owner of said note and lease.

It would be of no use to the litigants or to anyone else to set out in detail the evidence on this issue. Suffice it to say that Baily asserts, and Jordan admits, that, during this term of six years, Baily acted as attorney for Jordan in matters of personal litigation, and in consultation and advice relative to legal matters for Jordan. Baily testifies to numerous specific matters in which he acted for Jordan, and among others, testifies to a land

transaction in which he succeeded in effecting a settlement which netted Jordan about $18,000. He also testifies to numerous other matters in which he acted for Jordan, all of which are admitted by Jordan.

We have reviewed all of the evidence with care, and are satisfied with the conclusions reached by the district court that "there is no such discrepancy at least between the value of Mr. Baily's services and the amount which was finally agreed upon as the reasonable value thereof and paid for the assignment of the note and lease in question, as to indicate fraud."—*Affirmed.*

Stevens, De Graff, Morling, and Wagner, JJ., concur.