SIOUX FALLS BROADCASTING ASSOCIATION, Appellant, v. HENRY FIELD COMPANY, Defendant, Appellee; ELBERT A. READ, Receiver, Garnishee, Appellee.

No. 44082.

656

Ferguson & Ferguson, for appellant.

Keenan, Clovis & Sar, for appellees.

STIGER, J.—In June, 1936, the Sioux Falls Broadcasting Association, appellant, obtained a judgment against Henry Field Company in the district court of Page County for $5,623. In an action brought in said court by Elbert A. Read as trustee against Henry Field Company to foreclose a trust deed securing notes in the sum of $170,000, Elbert A. Reed was appointed receiver. Notice of garnishment was served on the receiver under execution issued on the judgment in favor of the broadcasting association. Before a hearing was had in the garnishment proceedings the receiver filed a motion to dismiss the garnishee primarily on the ground that the property in his possession was in custodia legis and that the receiver, being a representative of the court, was immune from garnishment. The judgment creditor, the broadcasting association, filed a resistance to the motion, one of the grounds of which was that the motion was premature and that the district court should not rule on the motion until the Sioux Falls Broadcasting Association had an opportunity to examine the garnishee as provided by law and controvert the answer.

On April 9, 1937, the trial court sustained the motion and dismissed the garnishee. On April 30, 1937, 21 days after the discharge of the garnishee, the broadcasting association perfected an appeal from said order. On July 31, 1937, the receiver filed a motion to dismiss the appeal because of the failure of the appellant to comply with Code section 12141, which reads:

"12141. Perfecting appeal from order of discharge. When an attachment has been discharged, if the plaintiff then announces his purpose to appeal from such order of discharge, he shall have two days in which to perfect his appeal, and during that time such discharge shall not operate to divest any lien or

claim under the attachment, nor shall the property be returned, and the appeal, if so perfected, shall operate as a supersedeas thereof."

■■■ Under the provisions of this section, the garnishing creditor must announce his purpose to appeal from the order of discharge at the time the order is made and if he does so he shall have two days in which to perfect his appeal. Appellant did not comply with either requirement. The time in which an appeal must be taken is a jurisdictional fact. The failure of appellant to comply with the mandatory requirements of this statute is fatal to its appeal. Woods v. Brown, 207 Iowa 944, 223 N. W. 868; Hoyer v. Jordan, 208 Iowa 1256, 224 N. W. 574; McLaughlin v. Hubinger Bros. Co., 135 Iowa 595, 113 N. W. 475.

■■■ Appellant however, claims that, because of the following proceedings had in the receivership in the foreclosure action, the receiver is estopped to claim that appellant failed to properly perfect the appeal and waived compliance with the statute, and thus seeks to avoid the effect of its failure to comply with the imperative demands of the statute.

On May 1, 1937, appellant filed an application in the foreclosure suit for an order directing the receiver to withhold sufficient funds to pay the judgment on which the garnishment proceedings are based and costs until the appeal was determined. The court fixed a time and place of hearing on the application, notice was given the receiver and on May 25, 1937, an order was entered requiring the receiver to retain the funds as prayed. The order recites that the receiver was represented at the hearing by counsel. The receiver did not file a resistance to the application.

The position taken by appellant is that the order amounted to an adjudication of the existence of appellant's rights in the funds by virtue of its garnishment in the event that it should be eventually established that it had a right to garnish the receiver, and that the appeal was properly taken; that appellees knew of the noncompliance with section 12141 when the application was filed and it was their duty to urge at the hearing the failure to comply with the statute and the failure to do so constitutes an acquiescence in the appeal perfected by appellant and a waiver of the claims now being made. The appellant states in its resistance to the motion to dismiss:

"As has been shown, they can not blow both hot and cold. They raised no objection to the position of this appellant in said application concerning these same matters about which they complain. The order of Judge Brown is based thereon. No exception was taken thereto by either of these appellees, and they are bound thereby. They waived their right to make the claims they are now making. They did not assert their known right, and as the result thereof they are now estopped, at this late date, to change their position and thereby obtain a dismissal of this case."

An appellee may be estopped to claim that the appellant has waived his right of review. Volume 2 Ruling Case Law, 58; Volume 2 American Jurisprudence, page 983, §225.

In the case of Stewart v. Todd, 190 Iowa 283, on page 322, 173 N. W. 619, 632, 180 N. W. 146, 20 A. L. R. 1272, we stated:

"Assent to a particular proceeding in court, if given with knowledge of the facts, is conclusive."

■■■ A waiver is defined as an intentional relinquishment of a known right or such conduct as warrants an inference of the relinquishment of such a right. McPherrin v. Sun Life Assurance Co., 219 Iowa 159, 257 N. W. 316. Appellant also cites Hueston v. Preferred Accident Ins. Co., 184 Iowa 408, 168 N. W. 150; Ford v. Ott, 186 Iowa 820, 173 N. W. 121; and other cases.

In none of the authorities relied on by appellant is it held that defects and objections to an appeal that go to the jurisdiction of the court may be waived. Assuming that the failure of the appellees to urge the objection now made to the appeal in the hearing in the receivership amounted to an acquiescence in the appeal perfected by the appellant and a waiver of the provisions of section 12141, jurisdiction can not be conferred on this court by consent. In the case of Hampton v. Des Moines & Cent. Iowa R. R. Co., 216 Iowa 640, at page 642, 249 N. W. 436, 437, Mr. Justice Albert, speaking for the court, said:

"Jurisdiction is conferred upon this court only in the manner provided by statute, and where there is a failure to comply with the statute providing for perfecting of an appeal, no jurisdiction is conferred. It is the settled rule in this state, through all of its history, that parties to litigation cannot, by agreement, confer jurisdiction upon this court."

This appeal not being in accordance with the mandatory requirements of the statute, the motion to dismiss, the appeal must be sustained. Appeal dismissed.

DONEGAN, ANDERSON, MITCHELL, and KINTZINGER, JJ., concur.