THE FEDERAL LAND BANK OF OMAHA, Appellant, v. LENNA M. JEFFERSON et al., Appellees.

No. 45170.

OCTOBER 15, 1940.

OPINION ON REHEARING JANUARY 21, 1941.

J. C. Pryor, Franklin L. Pierce, Ernest E. Stowe, Otto A. Gruhn, and F. R. Boyles, for appellant.

John J. Hess and G. C. Wyland, for appellees.

MILLER, J.—The opinion upon the original submission of this cause was filed October 15, 1940, and has been published in the advance sheets, 229 Iowa 122, 294 N. W. 293. Upon that submission, a motion to dismiss was submitted with the case but was over-

looked and not ruled upon. Appellees served and filed a petition for rehearing and also served and filed a renewal of the motion to dismiss the appeal. The renewal of the motion to dismiss the appeal was ordered submitted with the petition for rehearing. On consideration thereof, the court is of the opinion that the motion to dismiss is well grounded. Accordingly, the opinion heretofore filed herein on October 15, 1940, is withdrawn, the rehearing is granted and the motion to dismiss is sustained.

The Federal Land Bank of Omaha commenced this action in the district court of Pottawattamie county to recover on a deficiency judgment after foreclosure on a real estate mortgage in the circuit court of Beadle county, South Dakota, which it had secured against two of defendants, the action brought in Iowa being in rem, aided by an attachment and levy upon certain lands in Pottawattamie county. The defendants appeared and demurred to the plaintiff's petition. The demurrer was sustained and, the plaintiff electing to stand on the ruling, judgment was entered dismissing the petition and for costs, from which judgment The Federal Land Bank has appealed.

The judgment from which appeal was taken herein was entered May 1, 1939. The notice of appeal was served and filed August 18, 1939. Appellees' motion to dismiss asserts that the lien of the attachment was lost because appellant failed to perfect its appeal within two days after the entry of judgment, relying upon the express provision of sections 12141 and 12142 of the Code, 1939. See, also, Sioux Falls Broadcasting Assn. v. Field Co., 224 Iowa 655, 277 N. W. 284. Appellant concedes that, by virtue of such statute, the lien of the attachment was lost, but contends that the loss of such lien does not deprive appellant of its right of appeal. Appellees contend that the loss of the lien caused this court to lose jurisdiction of the subject matter of the action and, therefore, there is no cause of action to be determined by this court. We are disposed to the view and hold that appellees' contention is well grounded, that the preservation of the lien was necessary to preserve jurisdiction of the subject matter of the litigation, the extinguishment of the lien ended the jurisdiction of the court over the subject matter of this litigation and, accordingly, there is nothing before us to be determined.

■ Jurisdiction was originally secured through the levy of a writ of attachment against certain real estate in Pottawattamie county. Following such levy, however, the defendants entered general appearances. The court thereby secured jurisdiction of the person of each defendant herein. Appellant contends that, since the court has jurisdiction of the defendants, the loss of the attachment lien does not deprive the court of jurisdiction herein. However, it is necessary not only for the court to have jurisdiction of the parties, but also jurisdiction of the subject matter, and, even though the court has jurisdiction of the parties, if it has no jurisdiction of the subject matter, it has nothing before it to determine. Schulte v. Great Lakes Forwarding Corp., 228 Iowa 1012, 291 N. W. 158.

In determining what constitutes the subject matter of the litigation, it is necessary to examine the prayer of the plaintiff's petition. This court has repeatedly recognized that the relief to be afforded is limited by the prayer of a petition. In re Estate of Collicott, 226 Iowa 106, 111, 283 N. W. 869, 871; Wiechers v. Pool, 172 Iowa 422, 153 N. W. 65.

In the prayer of the petition herein, plaintiff states:

"WHEREFORE, plaintiff herein demands judgment against the defendants, Lenna M. Jefferson and Charles C. Jefferson, for the sum of Twenty-seven Hundred Seventy-five Dollars ($2,775.00) with interest thereon at 6% per annum from and after December 15, 1936, together with the costs of this action, *said judgment to be in rem only* and against all share, title, right, and interest of said defendants in and to said certain real estate in Pottawattamie County, Iowa, as hereinbefore described." (Italics supplied.)

■ In its brief and argument appellant states, "It is an action in rem aided by attachment and levy upon certain land in Pottawattamie County, Iowa." In the report of the Civil Code Commission, which preceded the adoption of the Revision of 1860, the commission states at page 329 as follows: "The judgment in rem is measured by the property in court." This statement is referred to by this court in Raher v. Raher, 150 Iowa 511, 518, 129 N. W. 494, 496, 35 L. R. A., N. S., 292, Ann. Cas. 1912D, 680, wherein this court recognizes that the pre-

liminary seizure of property is often necessary to give the court jurisdiction in rem.

In the case of Wilson v. Smart, 324 Ill. 276, 281, 155 N. E. 288, 291, the court states:

"In the strict sense of the term, a proceeding in rem is one which is taken directly against property, or one which is brought to enforce a right in the thing itself. The distinguishing characteristic of judgments in rem is that they operate directly upon the property, and are binding upon all persons, in so far as their interests in the property are concerned. (Austin v. Royal League, 316 Ill. 188 [147 N. E. 106].)"

In the case of Hughes v. Hughes, 211 Ky. 799, 804, 278 S. W. 121, 123, the court states:

"We think it necessary to observe in passing some of the important distinctions between proceedings in personam and in rem. The purpose of a proceeding in personam is to impose, through the judgment of a court, some responsibility or liability directly upon the person of the defendant. Of this character are criminal prosecutions, suits to compel a defendant to specifically perform some act or actions to fasten a pecuniary liability upon him. A proceeding in rem, on the other hand, is aimed, not at the person of the defendant, but at his property, status, or some other thing within the power and jurisdiction of the court."

In 2 Black on Judgments, section 794, it is stated:

"It is a distinguishing peculiarity of a proceeding in rem that the jurisdiction of the court, in the particular case, rests merely upon the seizure or attachment of the property. No personal notice to any individual is required. The res, being brought within the jurisdiction of the court, becomes subject to its adjudication, and all parties interested are supposed to be duly apprised of the proceedings, by the mere taking of the property, or by the usual proclamation or published notice. This jurisdiction empowers the court to adjudicate upon the status of the res, or to order it to be disposed of in a given way, according to the object of the action."

In Conkling v. Young, 141 Iowa 676, 680, 120 N. W. 353, 354, we state:

"Whilst the proceeding as finally presented was in the nature of a creditors' bill or equitable levy, nevertheless the attachment or garnishment was the foundation of the action, and, if that be discharged, there is nothing left of the proceedings."

Appellant relies upon the case of Munn v. Shannon, 86 Iowa 363, 365, 53 N. W. 263, 264, in which case a motion to dismiss the appeal because not perfected within the two days specified by statute was overruled, this court stating as follows:

"The defendant is a nonresident of the state, but he entered a general appearance in the case, and made a defense on the merits. A personal judgment could have been rendered against him, had the plaintiff succeeded. Therefore jurisdiction of the district court and of this court is not dependent upon the attachment, and there is nothing in the sections quoted to authorize a conclusion to the contrary. They regulate the time for taking an appeal from an order or judgment discharging an attachment in order to preserve the attachment lien, but do not affect the right of appeal for other purposes, although in some cases an appeal might be fruitless if not so taken as to prevent a dissolution of the attachment, and for that reason this court might refuse to entertain it."

The foregoing statement does not aid appellant because appellant did not pray for a personal judgment against appellees. Insofar as the appellant seeks to have a judgment in rem against the real estate involved herein, it was necessary to preserve the lien of the attachment against that real estate to maintain the jurisdiction of the court over the subject matter. When the lien was lost, jurisdiction over the res was lost.

The plaintiff also asks in the prayer of its petition that certain conveyances of the real estate be set aside as fraudulent. Insofar as such relief was sought, there is authority to the effect that the action was in personam. In Rosser v. Rosser, 42 N. Mex. 360, 363, 78 P. 2d 1110, 1111, the court states:

"The suit is unquestionably a suit to cancel an instrument. It is directed at a particular instrument, to wit, the mortgage deed which the appellees claim was secured by the appellant improperly. The appellees seek to cancel this instrument. Such proceeding is one in personam and not in rem. See 9 Am. Jur. §53, title, Cancellation of Instruments. A decree would operate upon the person of the defendant and not upon the property. 9 Am. Jur. §65, same title.''

However, in the case of Somers v. Spaulding, 229 Iowa 432, 294 N. W. 610, we point out that, before one can maintain an action to set aside a conveyance because the same is fraudulent, it is necessary to have a lien upon the property involved, either by judgment or attachment. There was no judgment lien on this property. When the attachment lien was lost, appellant had no right to proceed further in its effort to set aside the conveyances.

By reason of the foregoing, we hold that the loss of the attachment lien by the failure to perfect the appeal within two days following the entry of judgment herein deprived the court of jurisdiction of the subject matter of this controversy. Since there is nothing before us to be decided, the motion to dismiss the appeal is sustained.—Appeal dismissed.

HALE, C. J., and SAGER, STIGER, and BLISS, JJ., concur.

OLIVER, MITCHELL, and GARFIELD, JJ., concur specially.

OLIVER, J. (concurring specially)—I concur in the foregoing opinion but have to say that this disposition of the case should not be taken as indicating that the court would not have sustained the petition for rehearing on the merits had that proposition been before us for consideration.

I am authorized to say that Justices Mitchell and Garfield join in the foregoing special concurrence.