Ruth H. Whittier, Appellant, v. Arnold V. Whittier, Appellee; Cedar Rapids Engineering Corporation et al., Garnishees, Appellees.

No. 46850.

June 18, 1946.

John D. Randall, of Cedar Rapids, for appellant.

R. S. Milner, of Cedar Rapids, for appellee.

Donnelly, Lynch, Anderson & Lynch, of Cedar Rapids, for garnishees, appellees.

GARFIELD, J.—On November 17, 1939, plaintiff, Ruth Whittier, was divorced from defendant, Arnold Whittier, by the district court of Linn county. On that date there was filed with the clerk of that court a stipulation of settlement, signed by the parties, which states in substance:

"* * * that in the event the Court grants to the Plaintiff herein a divorce, that the property rights of the parties hereto are hereby settled and agreed upon in accordance with the following terms and provisions * * *:

"1st—The Plaintiff is awarded the care, custody and control of her minor son, Kenneth Whittier * * *.

"2nd—The Defendant is to pay as permanent alimony for the Plaintiff herein the sum of $30 per month, payable in advance commencing on the 1st day of December, 1939, and

payable at the office of the Clerk of the District Court of Linn County, Iowa.''

The stipulation also provides for the sale of the parties' homestead and equal division of the proceeds between them; plaintiff is awarded all household furniture except three named articles and defendant's personal effects; a certain described cemetery lot ''is hereby decreed to be the joint property of the Plaintiff and Defendant herein, in equal shares''; the court costs of $10 and the $50 fee of plaintiff's attorney ''shall be paid in equal proportions by the Plaintiff and Defendant herein. The Defendant herein is awarded the title and possession to the certain Pontiac coach now owned by him, free from any claim or lien of the Plaintiff * * *.''

The decree of divorce ''finds that the allegations of said petition are true, and that plaintiff is entitled to a decree of divorce and such other and further relief as herein [therein] prayed,'' and recites:

''It is therefore further ordered, adjudged and decreed by the court, that said plaintiff be and she is hereby divorced from the defendant * * *. The rights of the parties hereto are fixed in accordance with the terms of the Stipulation of Settlement attached hereto and made a part of this Decree.''

Plaintiff's petition prays for a divorce, the custody of her minor son Kenneth, alimony, attorney's fees and costs, and such further relief as may seem equitable.

The vital question upon the merits of this appeal is whether the last sentence of the above-quoted portion of the decree, in connection with paragraph 2 of the stipulation of settlement, also quoted above, constitutes an order or judgment which can be legally enforced by execution.

On June 26, 1945, plaintiff filed with the clerk of the trial court an affidavit dated April 30, 1945, that up to and including that date ''defendant will owe me the sum of $270 back alimony payments for which I am entitled to an execution.'' The affidavit requests the issuance of an ''execution in the amount of $270 for permanent alimony up to and including April 30, 1945.'' The clerk issued execution as requested and

the sheriff, probably as directed by plaintiff's counsel, attempted to garnish defendant's employer. The garnishee answered that it was not indebted to defendant but that another corporation with a similar but not identical name was defendant's employer and was indebted to him in a certain amount. No pleading was filed controverting the answer of the garnishee. In view of our disposition of the appeal we may assume, without deciding, that defendant's employer was garnished.

Defendant filed a "motion to quash execution and for other relief," which states that the divorce decree does not render any money judgment against him, no such judgment has ever been entered, and no legal notice of garnishment was ever served upon defendant's employer. The motion asks the court to "decree that there is no judgment against the defendant in said cause for the payment of money," to quash the execution and garnishment, and for such further order as is necessary to secure the release of funds withheld from defendant by his employer. This motion was submitted upon the files and records in the case, the garnishee's answer, and statements of counsel.

The court entered an order and judgment holding that the divorce decree "with the stipulation thereto attached does not constitute a judgment * * * in favor of plaintiff for $30 per month or for any other sum," no such judgment has ever been entered, the execution and garnishment were void and are quashed, the funds in the hands of the garnishee released and the garnishee discharged. From this adjudication plaintiff has appealed. We understand plaintiff concedes, probably for reasons hereinafter indicated, she is not entitled to a reversal of that part of the adjudication which released the funds attempted to be garnished and discharged the garnishee. However, plaintiff challenges the holding that she has no judgment against defendant for the payment of money.

Both defendant and the garnishee have moved to dismiss the appeal. One ground of each motion is that the amount in controversy is less than $300 and the trial judge did not certify "that the cause is one in which appeal should be al-

lowed." (See Rule 333, Rules of Civil Procedure.) It appears without dispute that the amount sought to be held under the garnishment was $193.96. This was the amount in controversy *between plaintiff and the garnishee.* 4 C. J. S. 176, section 87; Adams v. Vanhoose, 225 Ky. 606, 9 S. W. 2d 722; Northwest Adjustment Co. v. Akers, 145 Or. 341, 27 P. 2d 889.

■ Another ground of the motions to dismiss the appeal is that plaintiff did not appeal from the discharge of the garnishee within two days from the order of discharge. The appeal was perfected twenty-nine days after such order. If plaintiff desired to appeal from the discharge of the garnishee she was required to then announce her purpose to appeal and to perfect such appeal within two days from such adjudication. Upon her failure so to do, such discharge became final. Sections 639.65, 639.66, Code, 1946 [sections 12141, 12142, Code, 1939], made applicable to garnishments under executions by section 626.28, Code, 1946 [section 11679, Code, 1939]; Woods v. Brown, 207 Iowa 944, 223 N. W. 868; Hewitt v. Hawkeye Cas. Co., 212 Iowa 316, 320, 321, 232 N. W. 835; Sioux Falls Broadcasting Assn. v. Henry Field Co., 224 Iowa 655, 657, 277 N. W. 284.

Since plaintiff now concedes she is entitled to no relief against the garnishee, it is perhaps of little consequence whether the discharge of the garnishee is affirmed or the appeal dismissed, insofar as plaintiff might seek to review such discharge. Either disposition would bring the same practical result to the parties. But since the two grounds of the motions to dismiss to which we have referred challenge our jurisdiction to review the discharge of the garnishee and we think they are good, we feel called upon to dismiss the appeal insofar as it might seek to review such discharge. See authorities last above; also, Estate of Kelley v. Kelley, 226 Iowa 156, 162, 284 N. W. 133, and cases cited.

■ Notwithstanding plaintiff's failure to appeal within two days from the adjudication below, we are inclined to entertain the appeal insofar as it challenges the holding that plaintiff has no judgment against defendant enforceable by execution. As stated, defendant's "motion to quash execution and for other relief" asks not only that the garnishee be dis-

charged but also that the court "decree that there is no judgment against the defendant in said cause for the payment of money." The court did so decree. This portion of the adjudication goes beyond the disposition of the garnishment proceedings.

The statutory requirement for appeal within two days from an order discharging a garnishment is designed to protect a garnishing creditor in whatever rights he may have under the garnishment but does not affect the right of appeal for other purposes. Munn v. Shannon, 86 Iowa 363, 365, 53 N. W. 263, 264; Woods v. Brown, 207 Iowa 944, 946, 223 N. W. 868; Hoyer v. Jordan, 208 Iowa 1256, 224 N. W. 574. See, also, Federal Land Bank v. Jefferson, 229 Iowa 1054, 1059, 295 N. W. 855, 858, 132 A. L. R. 1282, 1285.

Although the amount in controversy in the garnishment proceeding proper was but $193.96 and the amount of past-due payments of alimony was but $270 when the execution issued, it cannot be said the amount in controversy *between plaintiff and defendant* is less than the jurisdictional amount of $300. When the matter was submitted to the trial court four payments of $30 each had become due, in addition to the $270 called for by the execution. It is not contended defendant had paid any part of the $270 nor of the additional installments which matured after the execution issued.

Even if no payments except the $270 had become past due it would seem that the value of the unmatured installments would more than make up the difference between $270 and the jurisdictional amount of $300. We cannot say that the past-due payments, together with plaintiff's right to future installments, do not involve $300. The effect of the adjudication below is not limited to the $270 past due. If that adjudication is to stand, no future payments may be enforced by execution even after they mature. While future payments of alimony are subject to modification if circumstances render a change expedient (Code, 1946, section 598.14, Code, 1939, section 10481), and the death of a party might terminate the right thereto, they are not in any proper sense contingent or speculative.

■ Rule 331(a), Rules of Civil Procedure, provides that all final judgments of courts of record may be appealed to this court, except as otherwise stated. The exception found in Rule 333 is that unless an interest in real estate is involved, no appeal lies where the amount in controversy as shown by the pleadings is less than $300, without a certificate of the trial judge. Except that the amount is increased from $100 to $300, this Rule is substantially the same as section 12833, Code, 1939, superseded by the Rule. Several decisions under the superseded statute hold that to defeat the jurisdiction of this court for insufficiency of amount involved such insufficiency must affirmatively appear. First Nat. Bk. of Peterson v. Bourdelais, 109 Iowa 497, 499, 500, 80 N. W. 553, and cases cited; Farley v. Geisheker, 78 Iowa 453, 455, 43 N. W. 279, 6 L. R. A. 533. These decisions are also applicable under the present Rule. We think it does not appear that the controversy between plaintiff and defendant involves less than $300.

There is some conflict of authority on the question of the amount in controversy where periodical payments are involved. 4 C. J. S. 169, 170, section 79. However, these authorities tend to support our conclusion: Thompson v. Thompson, 226 U. S. 551, 33 S. Ct. 129, 57 L. Ed. 347; Brotherhood of Locomotive F. & E. v. Pinkston, 293 U. S. 96, 55 S. Ct. 1, 79 L. Ed. 219; Miles v. Tomlinson, 110 Iowa 322, 323, 324, 81 N. W. 587; 54 Am. Jur. 751, section 113.

■ Upon the merits, we think the provision of the divorce decree which fixes the rights of the parties in accordance with the stipulation of settlement and makes the stipulation part of the decree, together with paragraph 2 of the stipulation, constitutes a judgment or order requiring the payment of money which may be enforced by execution, as to installments that have become due.

Section 626.1, Code, 1946 [section 11648, Code, 1939], provides:

"Judgments or orders requiring the payment of money * * * are to be enforced by execution."

Code section 11567, in force when the divorce was granted, states: "Every final adjudication of the rights of the parties

in an action is a judgment * * *." This is substantially the provision of Rule 219, Rules of Civil Procedure, which supersedes section 11567. Practically the same definition of a judgment prevails generally. 23 Words and Phrases, Perm. Ed., 175–180; 30 Am. Jur. 821, section 2. An order is usually defined as a direction of a court or judge, entered in writing, other than a judgment or decree. 30 Words and Phrases, Perm. Ed., .116; Blunk v. Walker, 206 Iowa 1389, 1392, 222 N. W. 358, and authorities cited. The chief distinction between a judgment and an order is that the former is a final determination while the latter is usually preliminary or collateral thereto. 30 Words and Phrases, Perm. Ed., 117.

There can be no doubt that the parties had the right to enter into the stipulation, subject to the court's approval, and the court could approve and give effect to the stipulation if it appeared to be fair and reasonable. Schouler Divorce Manual (1944) 514, 515, section 353; 3 Nelson on Divorce and Annulment, Second Ed. (1945) 145, section 28.16; Carr v. Carr, 185 Iowa 1205, 1211, 171 N. W. 785; Dunham v. Dunham, 189 Iowa 802, 826, 178 N. W. 551; Martin v. Martin, 65 Iowa 255, 21 N. W. 595. The stipulation is adopted and made part of the decree, to which it is attached, as effectively as if its terms were incorporated therein. See 2 Schouler on Marriage and Divorce, Sixth Ed., 2020, section 1870; id. 2031, 2032, section 1884; Brevet v. Brevet, 316 Ill. App. 406, 45 N. E. 2d 199; Ward v. Ward, 156 Or. 686, 68 P. 2d 763, 765, 69 P. 2d 963.

The decree, of which the stipulation is a part, should be construed in accordance with its evident intention. 27 C. J. S. 1026, section 251c(2)(b). The use of particular forms of words is not essential to a judgment. The sufficiency of a writing claimed to be a judgment is to be tested by its substance rather than its form. If it corresponds with the definition of a judgment and appears to have been intended by the court as the determination of the rights of the parties, and shows in intelligible language the relief granted, the absence of language commonly deemed especially appropriate to formal judgments is not fatal. 1 Freeman on Judgments, Fifth Ed., 120–122, section 69. See, also, 30 Am. Jur. 827, 828, section 19.

To entitle plaintiff to a reversal it is necessary to hold only that she has a judgment or order requiring the payment of money. However, in view of the above considerations, it would seem plaintiff holds a judgment even though greater formality might well have been followed in the language used. A judgment is to be construed like other written instruments. The determinative factor is the intention of the court as gathered from all parts of the judgment. Effect must be given to that which is clearly implied as well as to that which is expressed. 30 Am. Jur. 834, section 31; Weir & Russell Lbr. Co. v. Kempf, 234 Iowa 450, 455, 12 N. W. 2d 857, 860.

It seems unlikely that the court did not intend to make a final determination of the rights of the parties. It is improbable that the court did not intend to award plaintiff the custody of the minor son, in accordance with the first paragraph of the stipulation. Nor is it probable the court intended the other terms of the stipulation, including the provision for alimony, to be less effective. "If possible, that construction will be adopted which will support the decree rather than one which will destroy it." 27 C. J. S. 1026, section 251c(2)(b).

 While, of course, a divorce cannot be obtained merely upon consent of the parties (Hopping v. Hopping, 233 Iowa 993, 997, 10 N. W. 2d 87, 90, 152 A. L. R. 436, 439), the provision of this decree regarding alimony is in the nature of a consent decree. See Herrick v. Herrick, 319 Ill. 146, 149 N. E. 820, 823. In construing a decree, especially one entered by consent, the practical construction given it by the parties is to be considered and will ordinarily prevail except for strong reasons. 30 Am. Jur. 835, section 32; 27 C. J. S. 1026, section 251c(2)(b); Parten v. First Nat. Bk. & Tr. Co., 204 Minn. 200, 283 N. W. 408, 120 A. L. R. 862, and annotation 868.

It appears that about six months after this decree was entered plaintiff executed and there was filed a "Partial Release of Judgment," in which she released certain real estate presumably owned by defendant "from the lien of a certain judgment for $30 per month alimony obtained in Case No.

52,417, entitled Ruth H. Whittier, Plaintiff vs. Arnold V. Whittier, in the District Court of Linn County, Iowa, entered on November 17, 1939 * * *." We may infer this partial release was requested by defendant. In construing the decree we may properly consider the fact that the parties themselves apparently believed plaintiff held "a certain judgment for $30 per month alimony."

In support of our conclusion on the merits, see, in addition to the authorities heretofore cited, Walters v. Walters, 231 Iowa 1267, 3 N. W. 2d 595, and authorities cited. Our conclusion does not conflict with Millisack v. O'Brien, 223 Iowa 752, 273 N. W. 875, or the cases therein cited at page 759 of 223 Iowa, page 878 of 273 N. W., upon which defendant relies. The Millisack case is explained in Walters v. Walters, supra. Some of the cited cases involve a failure to record properly the adjudication in question. Here no such failure appears.

The appeal from so much of the adjudication below as discharges the garnishee is dismissed. Insofar as such adjudication holds that plaintiff has no judgment upon which execution can issue to enforce past-due payments, it is reversed.

Plaintiff should pay one third and defendant two thirds of the costs in the lower court and upon appeal.—Appeal dismissed in part; reversed in part.

All JUSTICES concur.